**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Orlando Division**

**Case No. 6:21-Cr-102-WWB-LRH**

**UNITED STATES,**

   **Plantiff,**

**vs.**

**DANNY WAYNE HOLMES,**

   **Defendant.**
_____/

## DEFENDANT'S SENTENCING MEMORANUM

**COMES NOW** the Defendant, **Danny Wayne Holmes**, by and through undersigned counsel, and hereby present the following facts and circumstances relevant to the sentencing of the Defendant in this cause. The Defendant states as follows:

1. The most critical factor affecting the conduct of Mr. Holmes in the preceding year of his life is his multiple serious ailments.

2. In 2000, Mr. Holmes, while working as a roofer, fell off of a roof and sustained injuries that have nagged at him ever since. (PSR, paragraph

1

#184)

3. Mr. Holmes suffers from high blood pressure, high cholesterol, sleep apnea, chronic obstructive pulmonary disease, and suffered a stroke in March of 2022, that caused some paralysis to his right side. (PSR, paragraph # 184) Currently, Mr. Holmes requires that assistance of either a wheel chair or walker to get around. (PSR, paragraph #184)

4. Mr. Holmes is restricted to a cardiac arrest diet. (PSR, paragraph # 184)

5. Mr. Holmes also has a severe hernia. A large ball sized mass protrudes from his stomach. This mass is approximately the size of either a large grapefruit or a small watermelon. Mr. Holmes needs surgery to fix this hernia stop his intestines from protruding from his abdominal area. It is entirely possible that Mr. Holmes stomach could rupture and cause him to die within minutes.

6. Mr. Holmes will also struggle to take care of his personal daily needs while in prison.

7. At this point, it is worth noting that Mr. Holmes contracted the Covid-19 virus while on release after his arrest in this cause.

8. While in the hospital, Mr. Holmes asserts that medical personnel cut off

his electronic monitor and advised him that there was a good chance he would die, as of a result of Covid-19, due to his multiple health problems and his age. As a result, Mr. Holmes made the unwise decision to abscond from his pre-trial release and therefore a warrant was issued for his arrest. (R-422)

9. Mr. Holmes absconded because he believed that he would die in prison. Mr. Holmes belief that he will die in prison has most certainly affected his decisions regarding his case.

10. A United States District Court has authority to modify a defendant's sentence and may do so *"only when authorized by a statute or rule"*. United States v. Puentes, 803 F.3d 597, 606 (11th Cir. 2015). In Mr. Holmes case, it seems highly possible that in the future he may become eligible for a compassionate release pursuant to Title 18 U.S.C. Section 3582(c)(1)(A). Under this exception, a district court may grant compassionate release after determining that (1) *"extraordinary and compelling reasons warrant such a reduction,"* (2) *"such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,"* and (3) *"[Section] 3553 sentencing factors weigh in favor of a reduction."* Id. If a District Court

finds that extraordinary and compelling reason exists, it must also determine that *"[t]he defendant is not a danger to the safety of any other person or to the community"* before granting compassionate release. U.S.S.G. Section 1B1.13(2); <u>United States v. Martin Enrique Mondrago Giron</u>, No. 20-14018 (11th Cir., October 13th, 2021) [PUBLISH].

11. Although not yet ripe for consideration, the defense cites the preceding case on compassionate release simply to illustrate and emphasize the importance of Mr. Holmes medical conditions, under the totality of the totality of circumstances, and weighing these issues in conjunction with the Title 18 U.S.C. Section 3553 sentencing factors. (Additionally, it is worth noting that the application of Title 18 U.S.C. Section 3582(c)(1)(A) and application of both U.S.S.G. 1B1.13 is currently a topic that has split the United States Circuit Courts of Appeal since the passage of the First Step Act.)

12. Danny Wayne Holmes specifically requests that this Honorable Court make a request to the United States Bureau of Prisons to immediately examine and treat his hernia because it poses a clear and present danger to his life.

13. The defense also notes that Mr. Holmes is currently 61 years old and his age should be taken into consideration when imposing a sentence in this cause.

14. In fact, the age and health of Mr. Holmes are critical factors that this Court must weigh, in conjunction with the Title 18 U.S.C. Section 3553 factors.

15. The defense asserts that Mr. Holmes currently has a diminished capacity and his reduced mental capacity has adversely affected his decisions. United States Sentencing Guideline, Section 5K2.13 provides for a downward departure if: *"the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense."* The defense asserts that this diminished capacity, due to serious health issues, significantly contributed to Mr. Holmes decisions regarding the commission of this offense and after he was arrested for this offense, specifically absconding. Significantly reduced mental capacity means *"the defendant, although convicted, has a significantly impaired ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason; or (B)*

*control behavior that the defendant knows is wrongful".*  Id.

16. Pursuant to U.S.S.G. Section 5H1.1, age and infirmity of a defendant also constitute a basis for a downward departure from the sentencing guidelines.

17. Pursuant to U.S.S.G. Section 3B1.1, Mitigating Role, the defense asserts that Mr. Holmes should receive a 2 level downward adjustment of his guideline sentence due to his minor role in this conspiracy.  Mr. Holmes only knew and only purchased drugs from one co-conspirator, Robert Wayne Watson.  (PSR, paragraph # 136, Role Adjustment)  Paragraph # 188 of the Pre-sentence Report also describes Mr. Holmes as an average participant.  The defense specifically objects to this classification as there are no known persons to whom Holmes allegedly distributed methamphetamine and no known quantities of any alleged distribution.

18. Surprisingly, Mr. Holmes has never received has never received any counseling or treatment for his substance abuse problems. (PSR, paragraph # 118) Mr. Holmes would benefit greatly from drug treatment and counseling.  Mr. Holmes freely acknowledges that he purchased significant quantities of methamphetamine for his own personal use and that he has a

serious drug addiction.

19. The District Court has a great deal of discretion in deciding what constitutes reasonable sentence as evidenced by the fact that an abuse of discretion standard of review is applied. United States v. Foster, 878 F.3d 1297, 1304 (11th Cir. 2018). On appeal: *"The party who challenges the sentence bears the burden to show that the sentence is unreasonable in light of the record and the 18 U.S.C. [Section] 3553(a) factors."* United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

20. The District Court, in its' sound discretion, may determine the weight given to any specific 3553(a) sentencing factor. United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007).

21. The Defendant requests that this Honorable Court advise that the United States Bureau of Prisons place this Defendant in a prison in Coleman, Florida.

22. *[A] district court may vary from the Guidelines based solely on a policy disagreement with the Guidelines, even where that disagreement applies to a wide class of offenders or offenses."* United States v. Herrera-Zuniga, 571 F.3d 568, 585 (6th Cir. 2009).

23. The Eleventh Circuit has held that *"Kimbrough allows a district court to vary from the guidelines based solely on its judgment that the policies behind the guidelines are wrong."* <u>United States v. Irey</u>, 612 F.3d 1160, 1212 (11th Cir. 2010) (*en banc).*

24. Pursuant to Title 18 U.S.C. Section 3553(a)(2), a district court shall impose a sentence *"sufficient, but not greater than necessary"* to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future crimes of the defendant, and provide the defendant with needed educational or vocational training or medical care.

25. The defense asserts that a reasonable sentence in this cause should be no longer than the statutorily applicable 10 year minimum mandatory sentence.

26. On July 5th, 2022, this Honorable Court issued an Order denying both the Motion to Set Aside the Plea Agreement and the Motion to Withdraw the guilty plea of Danny Wayne Holmes (R-592)

27. The defendant continues to deny any alleged facts regarding any intent to distribute illegal drugs or any actual distribution of said illegal drugs.

Specifically, under offense conduct, paragraphs # 11 through #119.

28. Mr. Holmes is named in paragraph numbers 41, 61, 62, 63, 67, 70, 77, and 80. Nowhere in the offense conduct section of the pre-sentence report is it stated that Danny Wayne Holmes sold or intended to otherwise distribute methamphetamine to anyone.

29. United States Sentencing Guideline, Section 5K2.0, allows a United States District Court to grant a downward departure or variance due to characteristics of a defendant not adequately taken into consideration by the sentencing commission. The defense asserts that Mr. Holmes lack of education, he quit high school on the 10th grade, although he later managed to obtain a GED while in custody, is demonstrative of below average intelligence. Throughout his life, Mr. Holmes seems to have had difficulty thinking of the long term consequences of actions. His absconding in this case is one such action. His driving around Florida in a vehicle registered in his name while he had a warrant out for his arrest is demonstrative of an inability to reason through the likely consequences of such conduct.

30. Danny Wayne Holmes requests that he be provided with treatment

regarding his ongoing drug addiction. Also, the defense suggests that Mr. Holmes would benefit from psychological counseling regarding his dependency on illegal drugs, depression, and anger management. Title 18 Section 3553(a)(2)(D).

31. Given the age and poor health of Danny Wayne Holmes and the totality of the circumstances in his life, the defense asserts that a 10 year term of imprisonment satisfies Title 18 Section 3553(a)(1) of the sentencing factors by considering both the nature and circumstances of the offense and the characteristics of the Defendant. In this case, a sentence of 10 years is more than sufficient to meet the Section 3553(a) requirements of imposing a sentence sufficient, but not greater than necessary.

32. Given the poor health of Mr. Holmes, it is highly questionable as to whether or not he will be able to serve a 10 year sentence before he passes away. Under the totality of the circumstances, greater than 10 years is cruel and unnecessary and would not constitute a substantively reasonable sentence. The wording of this argument and throughout this sentencing memorandum is not intended to in any way disparage the reasoned discretion this Honorable Court, but is simply put forth both as argument

and by necessity to preserve all such arguments and objections on the record.

**WHEREFORE,** the defense respectfully requests that this Honorable Court find that a substantial departure or variance from the United States Sentencing Guidelines is appropriate, based upon the totality of the circumstances of the Defendant and his crimes, under Title 18 U.S.C. Section 3553.

Certificate of Service

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document has been furnished, via the electronic filing system, to the Office of the United States Attorney for the Middle District of Florida, Orlando Division, Assistant United States Attorney Daniel Jancha, Orlando, Florida, on this 9th day of July, 2021.

> **By:** **s/Joseph R. Johnson**
> **Joseph Robert Johnson, Esq.**
> **Florida Bar No.:  0002290**
> **P.O. BOX 798**
> **Ocoee, FL  34761**
> **Phone:  (407) 889-5401**
> **JRJohnsonlaw@aol.com**